UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL CUFFEE,<br><br>                    Plaintiff,<br><br>         v.<br><br>MARTIN O'MALLEY,<br>in his official capacity as<br>Commissioner of Social Security,<br><br>                    Defendant. | Civil Action No. 22-2271 (BAH)<br><br>Judge Beryl A. Howell |

**MEMORANDUM OPINION AND ORDER**

This matter was referred to a magistrate judge for a report and recommendation ("R&R") on plaintiff Samuel Cuffee's motion, pursuant to 42 U.S.C. § 405(g), for judgment of reversal of defendant Commissioner of Social Security's denial of plaintiff's application for disability insurance benefits and supplemental security income ("SSI") benefits, *see* Pl.'s Mot. for J. Reversal, ECF No. 17; Pl.'s Mem. Supp. Mot. for J. Reversal ("Pl.'s Mem."), ECF No. 17-1, and defendant's corresponding motion for judgment of affirmance, *see* Def.'s Mot. for J. Affirmance ("Def.'s Mem."), ECF No. 18.[1] At issue in these motions is a single, narrow issue: Did the Administrative Law Judge ("ALJ"), pursuant to the "five-day" rule, reasonably decline to consider two "medical source opinions" signed by Jack Hurrell ("Hurrell Opinions"), a psychiatric nurse practitioner at Community Connections? *See* Pl.'s Mem. at 6; Def.'s Mem. at 2; *see also* Pl.'s Mot. for J. Reversal, Ex. A ("Hurrell Ops."), ECF No. 17-2.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley, as the current Commissioner of Social Security, has been substituted as a party.

Answering this question "yes," the Magistrate Judge recommends denying plaintiff's motion and granting defendant's motion.  *See* R. & R., ECF No. 21.  Plaintiff timely lodged one objection to the R&R.  *See* Pl.'s Obj. to R. & R. ("Pl.'s Obj."), ECF No. 22; *see also* Def.'s Resp. to Pl.'s Obj. to R. & R. ("Def.'s Obj."), ECF No. 23.  For the reasons set forth below, plaintiff's objection is overruled, the R&R is adopted, plaintiff's motion is denied, and defendant's motion is granted.

### I. STANDARD OF REVIEW

"In a disability proceeding, the ALJ has the power and the duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability."  *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citation omitted).  The ALJ's finding of fact "will not be disturbed if it is based on substantial evidence in the record," *id.*; *see also* 42 U.S.C. § 405(g), and the ALJ's procedural rulings, such as application of the five-day rule, are reviewed for abuse of discretion, *see Haight v. Comm'r of Soc. Sec.*, No. 22-1364, 2023 WL 3467042, at *1 (6th Cir. Jan. 18, 2023) (reviewing the ALJ's exclusion of evidence pursuant to the five-day rule for abuse of discretion); *Stout v. Kijakazi*, No. 20-36013, 2022 WL 445521, at *1 (9th Cir. Feb. 14, 2022) (same); *see also Smith v. Berryhill*, 139 S. Ct. 1765, 1779 n.19 (2019) (explaining that the "standard of review" is "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact'"; and offering, as an example, that abuse of discretion review applies to waiver of the exhaustion requirement (quoting 42 U.S.C. § 405(g))); *Veritas Health Servs., Inc. v. Nat'l Lab. Rels. Bd.*, 671 F.3d 1267, 1273 (D.C. Cir. 2012) (reviewing the ALJ's evidentiary rulings for abuse of discretion).  "Because disability cases . . . are so . . . fact-dependent, the standard of review poses a high bar to clear in order to overturn the agency's decision."  *Page v. Berryhill*, 688 F. App'x 7, 9 (D.C. Cir. 2017).

Federal Rule of Civil Procedure 72(b) authorizes the referral of dispositive motions to a magistrate judge for report and recommendation. *See* Fed. R. Civ. P. 72(b). When a party "properly object[s]" to the recommended disposition, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also United States v. Islam*, 932 F.3d 957, 961–62 (D.C. Cir. 2019). "A district judge is not required, however, to review those po[r]tions of a magistrate judge's report to which no objection is made." *Troy v. Colvin*, 266 F. Supp. 3d 288, 293 (D.D.C. 2017) (collecting cases); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.").

II.   **FACTUAL BACKGROUND**

A full factual background is provided in the R&R and only briefly summarized here. Plaintiff applied for disability and SSI benefits in August 2019 and, when the SSA denied his application and subsequent request for reconsideration, requested a hearing before an ALJ. AR at 163, 173, 180, 326, ECF No. 11. Plaintiff's hearing was originally scheduled for November 6, 2020, but, at plaintiff's request, the ALJ twice continued the hearing—to February 12, then May 19, 2021—for plaintiff to obtain representation, despite not "typically grant[ing] two postponements" for such purpose. *Id.* at 94; *see also id.* at 106, 223, 253. After plaintiff obtained non-attorney representation on April 26, 2021, the ALJ again, at plaintiff's request, continued the hearing, to August 4, 2021, to afford plaintiff's representative additional time to prepare. *See id.* at 284–85.

During this time, the ALJ repeatedly informed plaintiff of his obligation to provide notice of or submit all relevant records at least five business days prior to the hearing. *See, e.g.*, *id.* at 99 (telling plaintiff, at the November 2020 hearing, "I need to have those medical records at least a week before your hearing so that I [can] review them and ask you questions"), 108 (telling plaintiff, at the February 2021 hearing, "I need to see those medical records at least a week before your hearing so I can review them and ask you questions about [th]em . . . we need to make sure your file is complete"), 186 (stating, in a July 2020 letter acknowledging plaintiff's request for a hearing, "[y]ou must inform us about or give us evidence no later than five business days before the date of your hearing"), 199 (stating, in plaintiff's August 2020 notice of hearing, "[y]ou are required to inform us about or submit all evidence known to you that relates whether or not you are blind or disabled . . . no later than 5 business days before the date of your hearing," and "[i]f you do not comply with this requirement, I may decline to consider the evidence unless the late submission falls within a limited exception"), 224 (same in plaintiff's November 2020 notice of hearing), 254 (same in plaintiff's February 2021 notice of hearing), 286 (same in plaintiff's May 2021 notice of hearing, with plaintiff's representative copied). Despite these repeated notices, plaintiff never informed the ALJ about the Hurrell Opinions, or his intent to seek additional medical opinions, prior to the hearing.

Plaintiff appeared, with representation, at a full hearing before the ALJ on August 4, 2021, during which he testified about, *inter alia*, several drug evaluations he had undergone. *See id.* at 77–79. Seeing no evidence in the record supporting plaintiff's testimony, the ALJ held the record open for an additional 30 days, until September 4, 2021, for submission of these drug evaluations. *Id.* at 80.

"A few weeks" after the August 2021 hearing, plaintiff was examined by Hurrell, and, on August 4, 2021, the Hurrell Opinions were completed. Pl.'s Obj. at 3.[2] After an additional two weeks after the opinions' completion, plaintiff finally submitted them to the ALJ on September 7, 2021—three days after the record had closed—with no explanation for the belated submission.[3] The ALJ refused to consider the Hurrell Opinions, concluding that plaintiff "failed to notify the [ALJ] about the evidence five days before the hearing pursuant to [the five-day rule]," and "[t]he good cause exceptions to the [f]ive-[d]ay rule do not apply." *Id.* at 15.

## III.    DISCUSSION

When a hearing before an ALJ is scheduled in a social security proceeding, the five-day rule requires parties to "make every effort to ensure that the [ALJ] receives all of the evidence" and to "inform [the ALJ] about or submit any written evidence . . . , no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 404.935(a). "To satisfy the claimant's obligation under the regulations to 'inform' [the ALJ] about written evidence, he or she must provide information specific enough to identify the evidence (source, location, and dates of treatment) and show that the evidence relates to the individual's medical condition, work activity, job history, medical treatment, or other issues relevant to whether or not the individual is disabled." SSR 17-4P, No. SSA-2017-48, 2017 WL 4736894, at *3 (S.S.A. Oct. 4, 2017); *see also Fowler v. Kijakazi*, No. 20-36016, 2021 WL 5823704, at *2 (9th Cir. Dec. 8, 2021). If a party fails to comply with this requirement, the ALJ "may decline to consider or obtain the evidence," with three specifically delineated exceptions. 20 C.F.R. § 404.935(a). As relevant to

---

[2]    Plaintiff provides inconsistent dates for when he submitted the medical opinions to the ALJ. *See* Pl.'s Mem. at 6 (Sept. 12, 2021), 8 (Sept. 7, 2021), 10 (Sept. 7, 2021). This inconsistency is immaterial because the belatedness of the submission is not in dispute.

[3]    On the same day, plaintiff requested another 10-day extension to submit the drug evaluations that the ALJ had asked for. The extension was granted, and the drug evaluations were admitted into the record. *See* AR at 15.

5

this dispute, the ALJ "will accept the [belated] evidence if he or she has not yet issued a decision and [the party] did not inform [the ALJ] about or submit the evidence before the deadline because . . . [s]ome other unusual, unexpected, or unavoidable circumstance beyond [the party's] control prevented [him] from informing [the ALJ] about or submitting the evidence earlier." *Id.* § 404.935(b). Examples of "unusual, unexpected, or unavoidable circumstance[s]" include (1) a serious illness that "prevented [the party] from contacting [the ALJ] in person, in writing, or through a friend, relative, or other person"; (2) "a death or serious illness in [the party's] immediate family"; (3) the destruction or damaging of "[i]mportant records" "by fire or other accidental cause"; and (4) the party's failure to receive evidence five or more business days prior to the hearing, despite having "actively and diligently sought evidence from a source." *Id.* § 404.935(b)(3).

Plaintiff now appears to concede that he did not inform the ALJ about the Hurrell Opinions until their belated submission on September 7, 2021, which was long overdue since the hearing was held on August 4, 2021. *See* Pl.'s Obj. at 3 (acknowledging that "the ALJ was not made aware of th[e] [Hurrell] assessment 5 days prior to the hearing," and that plaintiff was not even examined by Hurrell until "[a] few weeks" after the hearing), 4 (arguing that "[t]here was no way [plaintiff] nor his representative could know to inform the ALJ of this specific evidence prior to the hearing"). The only question that remains is thus whether the ALJ's conclusion that plaintiff did not qualify for an exception to the five-day rule, where plaintiff offered no explanation for his delayed submission, constituted an abuse of discretion. No abuse of discretion occurred here. *See Haight*, 2023 WL 3467042, at *2 ("[S]ince Section 404.935 exists to ensure that petitioners supply ALJs with medical evidence in a timely manner, declining to admit untimely evidence because of an unexplained delay is permissible."); *Knight v. Kijakazi*,

No. 22-cv-60539, 2023 WL 234769, at *4 (5th Cir. Jan. 18, 2023) (explaining that where a claimant "provide[s] no explanation for her failure to submit these records in a timely manner," the ALJ does not err by not considering them).

Plaintiff relies on the exception for "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [his] control [that] prevented [him] from informing [the ALJ] about or submitting the [Hurrell Opinions] earlier," namely, his failure to receive the Hurrell Opinions "five or more business days prior to the hearing," despite having "actively and diligently sought" them. 20 C.F.R. § 404.935(b)(3); *see* Pl.'s Obj. at 4–5. Accepting that plaintiff did not receive the Hurrell Opinions until after the hearing, plaintiff still does not qualify for this exception, having failed to offer any evidence that he "actively and diligently" sought the Hurrell Opinions, or that he failed timely to inform the ALJ about or submit the Hurrell Opinions because of "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [his] control." 20 C.F.R. § 404.935(b)(3). Plaintiff does not, for example, allege that he sought the Hurrell Opinions, or any other medical opinions, in the nine months between his original November 2020 hearing date and his actual August 2021 hearing date, including the over three months when he had representation. Indeed, plaintiff apparently sought the Hurrell Opinions only *after* the hearing had concluded, despite having been repeatedly cautioned about the required timely disclosure of such evidence, pursuant to the "five-day" rule, *before* the hearing.

He also offers no explanation for why he did not inform the ALJ before, during, or after his hearing of his intent to seek or submit an additional medical opinion. *See id.* § 404.935(a) (requiring only that plaintiff "inform" the ALJ about evidence). As the R&R points out, the Hurrell Opinions were "based on the notes of a colleague who last saw [plaintiff] on July 7, 2021, about one month before the hearing," and plaintiff "provides no explanation why that

7

colleague or any other medical professional at Community Cares did not or could not provide an opinion based upon the same notes between July 7 and August 24" or, at the very least, why plaintiff did not or could not inform the ALJ that such report was forthcoming.  R. & R. at 12–13; *see* Hurrell Ops. at 1 (explaining that the reports "referenc[e] notes of colleague who treated patient from 12/9/19–7/7/21"); *see also Stout*, 2022 WL 445521, at *1 (explaining that plaintiff "failed to timely inform the ALJ about her outstanding medical source statements despite requesting the statements months before her hearing," and concluding that the ALJ did not abuse its discretion by "refus[ing] to consider" these statements).

  In addition, the ALJ held the record open for an additional 30 days after the hearing, until September 4, 2021, to allow plaintiff's representative to submit certain drug evaluations. Plaintiff concedes that the Hurrell Opinions were completed on August 24, 2021, *see* Pl.'s Obj. at 3, and yet plaintiff neither informed the ALJ about the opinions, nor submitted them until September 7, 2021—two weeks after the reports were completed, and three days after the extended deadline for the closing of the record had lapsed.  *See Knight*, 2023 WL 234769, at *4 (concluding, where plaintiff "informed the ALJ that some of her medical records were still pending," and "the ALJ held open the record for an additional twenty days to obtain those records," that the ALJ did not err in refusing to consider evidence submitted after these "additional twenty days" had lapsed).  These facts do not demonstrate "active" and "diligent" efforts by plaintiff, much less "unusual, unexpected, or unavoidable circumstance beyond [his] control."

  Rather than offer any evidence of his "active" and "diligent" efforts to obtain the Hurrell Opinions, plaintiff merely emphasizes that he was not represented until April 2021, leaving his representative with fewer than four months "to meet with [plaintiff]," "gather additional pertinent

evidence," and determine whether "any missing treatment" might "be necessary." Pl.'s Obj. at 3–4. Plaintiff's argument is unpersuasive, having failed to explain why four months was insufficient to determine that an additional medical assessment was necessary and, if four months was insufficient, why plaintiff did not seek more time. Plaintiff contends that "it was unlikely any additional time would [have] be[en] granted," *id.* at 4, but the ALJ granted every continuance sought by plaintiff, including two to obtain representation, and one for his representative to have more time to prepare for the hearing.

To be sure, "setting up medical appointments, requesting new providers, attempting to get source statements, and the like do not occur overnight," *id.*, but this does not justify plaintiff's failure to inform the ALJ about the Hurrell Opinions, or his attempts to obtain additional medical opinions, in the nine months prior to his hearing or in the one month after his hearing, after the ALJ further extended the deadline for the closing of the record. Accordingly, the ALJ did not abuse his discretion by declining to admit the Hurrell Opinions.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby —

**ORDERED** that plaintiff's Objection to the Report and Recommendation, ECF No. 22, is **OVERRULED**; it is further

**ORDERED** that the Report and Recommendation, ECF No. 21, is **ADOPTED** in full; it is further

**ORDERED** that plaintiff's Motion for Judgment of Reversal, ECF No. 17, is **DENIED**; it is further

**ORDERED** that defendant's Motion for Judgment of Affirmance, ECF No. 18, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

*This is a final, appealable order.*

Date: July 12, 2024

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**BERYL A. HOWELL**
　　　　　　　　　　　　　　　　　　　　　　United States District Judge